IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIAM DOUGLAS DAWSON, ) | Civil Action No. 4:06-3205-SB-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| VS. ) | |
| ) | REPORT AND RECOMMENDATION |
| WARDEN STAN BURTT, LIEBER ) | |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on November 14, 2006.

On January 23, 2007, petitioner filed a motion for a hearing asserting respondents had "exceeded the fifty day rule and in doing so violated the limitations. . . since the fifty day limitation has expired, petitioner motions for the court to exercise its power and authority and hold a hearing in favor of the petitioner, for the contempt and negligence on the part of the respondent." (Document #7).

On February 12, 2007, petitioner filed a "motion for relief by default" seeking relief on his habeas petition for respondent's failure to file a response. Petitioner asserts that respondent failed to respond and then requested a thirty (30) day extension to which he did not comply. (Document #10).

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

A review of the docket report reveals that on January 8, 2007, respondent filed a motion for extension of time to make a return or otherwise plead. Respondent's response was due to be filed on January 8, 2007, but respondent requested a thirty day extension. On January 9, 2007, an Order was entered granting respondent's motion for extension and giving respondent until February 7, 2007, to make a return or otherwise plead. (Document #6). On February 7, 2007, respondent filed a second motion for extension of time to make a return or otherwise plead due to scheduled State and Federal matters and not being able to collect all of the records, prepare necessary copies, and gather information necessary to make a proper return. (Document # 8). This motion was granted and respondent was given until March 9, 2007, to answer. (Document #9). On March 8, 2007, respondent filed a third motion for extension of time based on respondent's counsel's inability to gather information to make a proper return in a timely fashion due to his case load in State and Federal court including a number of death penalty cases. Petitioner filed a response in opposition. Before this court made a ruling on the motion for extension of time, respondent filed a return and memorandum along with a motion for summary judgment. Thus, respondent's motion was granted on April 19, 2007. (Document # 24). Based on the above, respondent's return was timely.

Therefore, it is recommended that petitioner's motion for hearing (document #7) and motion for relief through default judgment (document #10) be DENIED in that respondent responded in a timely fashion pursuant to the orders granting an extension of time.

## CONCLUSION

For the reasons set forth herein, it is RECOMMENDED that the petitioner's motion for hearing (document #7) and motion for entry of default (document # 10) be DENIED.

        Respectfully submitted,

        <u>s/Thomas E. Rogers, III</u>
        Thomas E. Rogers, III
        United States Magistrate Judge

April <u>20</u>, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**